USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 9, 2012

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

|  |  |  |
|---|---|---|
|  | : |  |
| UNITED STATES OF AMERICA | : |  |
|  | : | 12 Cr. 0368 (PAC) |
| - against - | : |  |
|  | : | ORDER |
| HOWELL MILLER a/k/a "Charlie," a/k/a "C," a/k/a "C-Rock," and MICHAEL WALKER a/k/a "Mikey" | : |  |
|  | : |  |
| Defendants. | : |  |

------------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

On May 7, 2012, defendant Howell Miller ("Miller") and his co-defendant, Michael Walker ("Walker"), were charged in an indictment with conspiring to distribute and possess with the intent to distribute 1,000 kilograms or more of marijuana in violation of 12 U.S.C. § 846. On July 27, 2012, Miller moved to dismiss the indictment, pursuant to Fed. R. Crim. P. 12(b)(3). On August 9, 2012, Miller filed additional motions for (1) discovery; (2) a bill of particulars; and (3) a James hearing to determine "whether independent evidence exists as to the conspiracy charged in the indictment and Mr. Miller's involvement therein," Hill Aff. at 8, July 27, 2012, Dkt. No. 23.

Miller's motions to dismiss the indictment and for pretrial relief are denied.

1

I. **MOTION TO DISMISS**

    Miller argues that the indictment is deficient for failing to allege the essential facts constituting the charge.  He contends that the indictment does not inform him of the nature and scope of the accusations against him.  That is not the pleading standard, however.  Criminal indictments must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  This rule requires only that an indictment "charge[ ] a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." U.S. v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992).  "To satisfy this test, an indictment need do 'little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" U.S. v. Rodriguez-Perez, No. 10 Crim. 905, 2012 WL 3578721, at *9 (S.D.N.Y. Aug. 16, 2012) (quoting U.S. v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975)).

    In particular, an indictment charging violations of 12 U.S.C. § 846, as here, "'need only allege the existence of a narcotics conspiracy, a relevant time frame, and the statute alleged to be violated'" and "does not need to allege specific overt acts in furtherance of the conspiracy, because the conspiracy to distribute narcotics is itself a specific crime." U.S. v. Logan, 845 F. Supp. 2d 499, 515 (E.D.N.Y. 2012) (quoting U.S. v. Macklin, 927 F.2d 1272, 1276 (2d Cir. 1991) and citing U.S. v. Bermudez, 526 F.2d 89, 95 (2d Cir. 1975)).

    The indictment against Miller provides the requisite information.  It identifies the relevant statute, provides the approximate time frame ("at least in or about 2008, up to and including in or about March 2012" (Indictment at 1, Dkt. No. 12)), and identifies in approximate terms where the conspiracy took place ("in the Southern District of New York and elsewhere"

(Id.)). Miller is not entitled to more from the Government.[1]  See U.S. v. Muyet, 945 F. Supp. 586, 599 (S.D.N.Y. 1996). The indictment sufficiently advises Miller of the charges against him. The Court denies Miller's motion to dismiss the indictment.

II. **PRETRIAL MOTIONS**

    A. Discovery and Inspection

        1. *Information Concerning Prior or Subsequent Bad Acts*

Miller requests that the Government state whether it intends to offer evidence of his prior or subsequent bad acts and, if so, to provide further information regarding those acts. The Government is required to provide Miller with "reasonable notice of the general nature of any such evidence . . . before trial," Fed. R. Evid. 404(b)(2), and has stated that it "intends to provide the requisite notice in advance of the November 20, 2012 final pretrial conference." Gov't's Opp'n at 7, Dkt. No. 29. Because such notice is typically provided two or three weeks before trial, the Government should provide notice by no later than Friday, November 16, 2012. That would constitute adequate notice. See U.S. v. Lino, No. 00 Cr. 632, 2001 WL 8356, at *22 (S.D.N.Y. Jan. 2, 2001).

        2. *Information Required by Fed. R. Crim. P. 16*

Miller requests that the Government (1) provide copies or permit the inspection and copying of material evidence and evidence obtained from or belonging to him; (2) provide copies or permit the inspection and copying of the results of reports and results of scientific or medical tests and examinations; and (3) provide information identifying expert witnesses the Government intends to call, including reports or descriptions of opinions to be offered by such experts. The

---

[1] The criminal complaint, which has also been provided to Miller, sets forth additional details concerning dates, places and acts comprising part of the alleged conspiracy.

3

Government responds that it "has disclosed a substantial amount of Rule 16 information, and [that] it will continue to do so as it receives additional Rule 16 information from the agents involved in the investigation." Gov't's Opp'n at 7. There is no factual basis for this demand because Miller has admitted that the requested materials have been made available to him. See Def.'s Mem. of Law at 3, Dkt. No. 28. Miller does not suggest that the Government has withheld any specific materials. The motion is denied.

      3. *Exculpatory Material*

Miller calls for the production of exculpatory material pursuant to U.S. v. Brady, 373 U.S. 83 (1963), and U.S. v. Giglio, 405 U.S. 150 (1972). Such material must be disclosed "'in time for its effective use at trial,'" U.S. v. Morgan, 690 F. Supp. 2d 274, 285 (S.D.N.Y. 2010) (quoting U.S. v. Coppa, 267 F.2d 132, 146 (2d Cir. 2001)), which is "'no later than the point at which a reasonable probability will exist that the outcome would have been different if an earlier disclosure had been made.'" Id. at 285 n.57 (quoting Coppa, 267 F.2d at 142). The Government states that it is unaware of any Brady material, but that it will provide timely disclosure if any such material comes to light, and that it intends to produce Giglio material "shortly prior to the commencement of trial," as is customary in this district. See Gov't's Opp'n at 8-9. Miller does not suggest the existence of any special circumstances necessitating a deviation from this practice and the Court will not order otherwise. See U.S. v. Del Rosario, No. 12 Cr. 81, 2012 WL 538243, at *2 (S.D.N.Y. Feb. 17, 2012). Miller's motion calling for earlier production is denied.

4.  *Information Not Required by Federal Rule of Criminal Procedure 16*

a.  *Witness List*

Miller requests that the Government provide a list of witnesses that it intends to call at trial. "Courts are not required to compel the release of the government's witness list," however, and a defendant "may not demand disclosure while relying only on an 'abstract, conclusory claim that such disclosure is necessary to its proper preparation for trial." U.S. v. Solomonyan, 451 F. Supp. 2d 626, 645 (S.D.N.Y. 2006) (citing Weatherford v. Bursey, 429 U.S. 545, 559 (1977) and quoting U.S. v. Cannone, 528 F.2d 296, 301-302 (2d Cir. 1975)). The justification offered for Miller's request – that it is "reasonable" and "the information sought is necessary to enable the defendant to adequately prepare his defense," Def.'s Mem. of Law at 3 – is plainly insufficient to meet his burden of making a "'specific showing that the disclosure is both material to the preparation of the defense and reasonable in light of the circumstances surrounding the case.'" U.S. v. Minaya, No. S2 11 Cr. 755, 2012 WL 1711569, at *3 (S.D.N.Y. May 14, 2012) (quoting Cannone, 528 F.2d at 301). Miller's motion is denied.

b.  *Prior Witness Statements*

Miller requests that the Government provide copies of prior statements by the Government's intended witnesses. The request is contrary to statute: "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness . . . shall be the subject of . . . discovery or inspection until said witness has testified on direct examination in the trial of the case."[2]  18 U.S.C. § 3500(a); see also Fed. R. Crim. P. 16(a)(2) (Rule 16 "does not authorize . . . the discovery or inspection of statements

---

[2] The Government nevertheless intends to provide such information to Miller "shortly prior to the commencement of trial." Gov't's Opp'n at 9.

made by prospective government witnesses except as provided in 18 U.S.C. § 3500."). Miller's motion is denied.

### c. *Information Concerning Confidential Informants*

Miller requests myriad information concerning any confidential informants who may have provided information to the Government. Granting such a request would raise serious concerns. There is a "strong" interest in withholding such information because withholding it "improves the chances that such a person will continue providing information and encourages other potential informants to aid the government." U.S. v. Fields, 113 F.3d 313, 324 (2d Cir. 1997). Before ordering this information disclosed, a "district court must be satisfied . . . that the defendant's need for disclosure outweighs the government's interest in shielding the informant's identity." Id. As with Miller's request for a witness list, his bare assertion that his request is "reasonable" and that the "information sought is necessary to enable [him] to adequately prepare his defense," Def.'s Mem. of Law at 3, is insufficient to satisfy his burden of establishing that "absent such disclosure, he will be deprived of his right to a fair trial." Fields, 113 F.3d at 324. Miller's motion is denied.

### d. *Information Concerning People Present During the Crime*

Miller requests the names and addresses of everybody else who may have been present during any part of the commission of the alleged crime, regardless of whether or not the Government intends to call them as a witness. It is impossible to respond to this request, and the Government has no obligation to do so. See Fed. R. Crim. P. 16(a) (setting out Government's disclosure obligations). Moreover, the information requested is duplicative of that sought by Miller's requests for the Government's witness list, the identification of confidential informants

and for a bill of particulars, each of which is denied elsewhere in this Order.  The instant request is denied for the same reasons.

    B.  <u>Bill of Particulars</u>

Miller requests a bill of particulars setting out (1) when, where and with whom he conspired; (2) whether he is being charged as a principal or an accomplice; (3) every act about which the government intends to introduce evidence; (4) whether any such acts were done at the instance of the Government; (5) all acts Miller performed in furtherance of the conspiracy; (6) the object of the conspiracy; and (7) when Miller learned of it.

Rule 7(f) of the Federal Rules of Criminal Procedure authorizes the Court to "direct the government to file a bill of particulars" where necessary to "prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense."  <u>U.S. v. Bortnovsky</u>, 820 F.2d 572, 574 (2d Cir. 1987).  "A bill of particulars is not a discovery device and 'should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense.'"  <u>U.S. v. Mandell</u>, 710 F. Supp. 2d 368, 384 (S.D.N.Y. 2010) (quoting <u>U.S. v. Henry</u>, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994)).  "The decision to grant a bill of particulars is left to the discretion of the trial court."  <u>Id.</u> at 384.

A bill of particulars is unnecessary here.  The government has provided sufficient material to enable Miller to prepare his defense: the indictment is adequately pled; the criminal complaint sets out in considerable detail several specific acts that form part of the alleged conspiracy; search warrant applications describe Miller's conversations with Walker about narcotics trafficking; and recordings contain discussions between Miller and Walker.  In these

circumstances, Miller's request for a bill of particulars is an "ill-disguised attempt[ ] at general pretrial discovery" and is therefore denied. U.S. v. Torres, 901 F.2d 205, 233-34 (2d Cir. 1990).

### C. Hearing Regarding Existence of a Conspiracy

In order to determine whether statements by alleged co-conspirators are admissible at trial under Fed. R. Evid. 801(d)(2)(E), Miller requests that a "James hearing" be held regarding whether independent evidence exists as to the existence of the charged conspiracy. See U.S. v. James, 590 F.2d 575 (5th Cir. 1979). That is not the standard. In the Second Circuit, district courts "routinely admit[ ] coconspirator statements into evidence in the presence of the jury on a conditional basis, subject to the later submission of the necessary evidence . . . . [W]here such hearsay is 'admitted subject to connection,[3] the judge must determine, when all the evidence is in, whether in his view the prosecution has proved participation in the conspiracy, by the defendant against whom the hearsay is offered.'" U.S. v. Saneaux, 365 F, Supp. 2d 488, 490 (S.D.N.Y. 2005) (quoting U.S. v. Geaney, 417 F.2d 1116, 1120 (2d Cir. 1969)). Miller's motion for a James hearing is denied.

## III. **CONCLUSION**

For the foregoing reasons, Miller's motion to dismiss the indictment and omnibus motion for pretrial relief are denied in their entirety.

New York, New York
October 9, 2012

So ordered
Paul A. Crotty
USDJ

---

[3] To be admissible, "there must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and . . . the statement [must have been] made 'during the course and in furtherance of the conspiracy.'" Bourjaily v. U.S., 483 U.S. 171, 175 (1987) (quoting Fed. R. Evid. 801(d)(2)(E)). The statement in question may itself "be probative of the existence of a conspiracy and the participation of both the defendant and the declarant in the conspiracy," id. at 180, but "there must be some independent corroborating evidence of the defendant's participation in the conspiracy." U.S. v. Padilla, 203 F.3d 156, 161 (2d Cir. 2000).

8